## NATIONAL GUARANTEE & FINANCE CO v OSBORNE et

Ohio Appeals, 2nd Dist, Franklin Co

No 2234. Decided Dec 13, 1932

Arthur L. Rowe, Columbus, for plaintiff in error.

W. S. Lyman, Columbus, for defendant in error.

### BY THE COURT

Submitted on application of plaintiff in error for rehearing together with request for oral argument.

Counsel for plaintiff in error has presented a brief which sets forth in detail the particulars because of which it is urged a rehearing should be granted. We have examined the brief with care. Counsel seems to place too much stress upon one phase of the case which the court discussed. There was but one ultimate question for determination, namely, did the trial court err in submitting the case of defendants in error to the jury for its verdict.

The defendant below introduced its evidence tending to show that the plaintiffs had agreed to that which was set up in the answer and that there had been a failure to comply with the agreement. Plaintiffs as a part of their case introduced among other things the master policy which we discussed in our opinion. This no doubt was offered as proof that the defendants had complied with their agreement with the Osbornes to provide them a policy. This was the basis of the certificate which they delivered to the Osbornes. If the master policy was indefinite, if there was doubt whether or not it was in effect during the period when it was claimed the Osborne policy was in effect; if it had not been kept alive by the payment of premium then these facts had some weight on the ultimate question for determination, namely, whether or not there ever was delivered a valid subsisting policy protecting Mr. Osborne. There was proof of distinctive and forceful character to establish that such a policy was in effect because payments had been made to the Osbornes. But this was not conclusive.

It is true as counsel suggests that the issue made upon the pleadings is narrower than that which we discuss. But it may be observed that counsel and the court did not try this case upon the strict issue tendered by the pleadings but upon the issues as made up by the evidence which is frequently done in the trial of lawsuits.

A fair consideration of the application for rehearing requires us to adhere to our former opinion and the application will therefore be denied.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.

### SECOND APPLICATION FOR REHEARING

Decided Dec 21, 1932

### BY THE COURT

We consider a second application of re-

hearing. The case cited does not in our judgment require any change in our former opinion.

The motion to certify our opinion as being in conflict with the decision of the Court of Appeals of the 7th District in the case of **National Union Fire Ins. Co. v Pierce et, 12 Abs, p. 513,** must be overruled.

A careful reading of the opinions is convincing that the questions before the courts were entirely different.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.